IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JIMMY E. SMITH, Jr. )<br>      Plaintiff; )<br>)<br>v. )<br>)<br>CITY OF ST. CHARLES, MISSOURI, a )<br>Municipal corporation; and OFFICER )<br>JEFFREY NORMAN, in his individual )<br>and official capacities; OFFICER )<br>BRATTON, in his individual )<br>and official capacities; OFFICER )<br>MOFFITT, in his individual and official )<br>capacity; OFFICER STANCZAK, in his )<br>individual and official capacities; )<br>OFFICER KLIPSCH, in his individual )<br>and official capacities; and AMANDA )<br>WATSON; )<br>     Defendants. ) | Case No. 21-CV- |

COMPLAINT

Plaintiff, by his undersigned counsel, complains against defendants as follows:

JURISDICTION AND VENUE

1. This civil rights action raises federal questions under the United States Constitution, particularly the First and Fourteenth Amendments, and the Civil Rights Act of 1871, 42 U.S.C. §1983.

2. This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28 U.S.C. § 1367.

4. This Court has authority to award the requested damages pursuant to 28

U.S.C. § 1343; and costs and attorney's fees under 42 U.S.C. §1988.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this district and all of the acts described in this Complaint occurred in this district.

## PLAINTIFF

6. Plaintiff JIMMY E. SMITH, JR. is a resident of Illinois.

## DEFENDANTS

7. Defendant CITY OF ST. CHARLES, MISSOURI, is a municipal corporation in the state of Missouri, county of St. Charles.

8. Defendants NORMAN, BRATTON, MOFFITT, STANCZAK, AND KLIPSCH were police officers employed with the St. Charles Police Department at the time of the events in question.

9. AMANDA WATSON was a resident of St. Charles, Missouri at the time of the events in question.

## STATEMENT OF FACTS

10. Plaintiff met Defendant Watson ("Watson") at her place of employment (Master Cuts) in October, 2017.

11. Watson cut Plaintiff's hair on more than one occasion as he was a customer of hers and in the course of this Watson told Plaintiff information about herself and the two entered into what Plaintiff thought was a romantic relationship.

12. In the course of this, Watson told Plaintiff her credit card and/or credit card information was stolen and she was robbed of $10,000, and she did not know how she was going to pay her rent. Plaintiff tipped Watson $100 for the haircut.

12. Over the next few days Plaintiff and Watson communicated via phone calls, text messages, and social media messages. Watson told Plaintiff many things about herself, her life, etc., which Plaintiff later discovered was all false.

13. Watson uttered many false statements which induced Plaintiff to give her approximately $6,300, which she promised to pay back but never did.

14. When Plaintiff confronted Watson about her frequent false statements to him, and advised her he was going to file a lawsuit against her to recover the money she obtained from him fraudulently, Watson retaliated by filing a false police report against him, coached by Officer Norman who interviewed her.

15. As a result, Plaintiff was falsely arrested for Stalking and Harassment by St. Charles police officers Moffitt, Stanczak, and Bratton, on January 19, 2018, who revealed their malice towards him via verbal abuse, after a traffic stop where probable cause was lacking as they admitted they were "looking for a reason to pull [Plaintiff] over" even though he had broken no traffic laws, and the stop was based on deliberate misinformation regarding his vehicle and license plates, and based on false reports made by Watson.

16. Plaintiff was booked and detained in the St. Charles jail for 6 days until released on bond.

17. Officer Norman interrogated Plaintiff and seized his cellphone and caused to be deleted several text messages which would have exonerated Plaintiff and prevented him from being charged.

18. Norman also omitted key information in his report which would have exculpated Plaintiff, and after his arrest, completed a warrant application and

submitted it to the St. Charles County Prosecutor's Office, and wrote the probable cause statement against him which caused him to be prosecuted.

19. Watson made further false reports against Plaintiff after his incarceration, on at least two more occasions, including on one occasion telling police Plaintiff was on her boyfriend's property (he was not) in order to conceal the identity of her then boyfriend who was a fugitive.

20. The charges were dismissed against Plaintiff in May, 2018, after Watson was caught in lies against Plaintiff during the course of criminal proceedings.

21. However, Plaintiff was arrested and detained again, by Officer Klipsch, in November 2018 for 7-9 hours as a "person of interest" due to Watson's further false accusations, and booked for Harassment, but ultimately released.

22. Plaintiff filed complaints against Officer Norman regarding the above conduct with the St. Charles police department, the first of which Plaintiff withdrew after being falsely induced to do so by department officials.

23. The complaints were deemed unfounded (and referred to as frivolous) by the Police Chief of St. Charles, a policymaker for the City, thus ratifying the tortious behavior of Officer Norman.

### Count I: False Arrest, 42 USC §1983—Officers Moffitt, Stanczak, and Bratton

24. Plaintiff realleges ¶¶1-16 and incorporates them herein.

25. The Defendant officers, at all times relevant hereto, were employed as police officers by the City of St. Charles, and were on duty and acting within the course and scope of their employment as police officers.

26.  The Defendant officers seized and arrested Plaintiff in bad faith and with malice, under color of state law, on January 19, 2018 without probable cause, pursuant to false information and an incomplete and dishonest investigation, in violation of his Fourth and Fourteenth Amendment rights.

27.  Plaintiff was released on bond on January 25, 2018.

28.  Said arrest caused damages to Plaintiff including unwarranted loss of freedom, loss of employment, humiliation and severe emotional distress.

## Count II: Unlawful Detention, 42 USC §1983—Officers Moffitt, Stanczak, Norman, and Bratton

29.  Plaintiff realleges ¶¶1-18 and ¶¶25-28 incorporates them herein.

30.  The Defendant officers, at all times relevant hereto, were employed as police officers by the City of St. Charles, and were on duty and acting within the course and scope of their employment as police officers.

31.  The Defendant officers detained (after seizing and arresting) Plaintiff in bad faith and with malice, under color of state law, on January 19, 2018 without probable cause, and pursuant to false information and an incomplete and dishonest investigation, in violation of his Fourth and Fourteenth Amendment rights.

32.  Plaintiff was released on bond on January 25, 2018.

33.  Said detention caused damages to Plaintiff including unwarranted loss of freedom, loss of employment, humiliation and severe emotional distress.

## Count III: Malicious Prosecution, 42 USC §1983—Officer Norman

34.  Plaintiff realleges ¶¶1-20 and incorporates them herein.

35. Defendant Norman, at all times relevant hereto, was employed as a police officer by the City of St. Charles, and was on duty and acting within the course and scope of his employment as a police officers.

36. Defendant Norman, under color of state law, pursuant to an incomplete and dishonest investigation, and tampering with evidence, maliciously and in bad faith caused Plaintiff to be prosecuted for Stalking and Harassment, in violation of his Fourth and Fourteenth Amendment rights.

37. The proceedings terminated in Plaintiff's favor, having been dismissed.

38. Said prosecution caused damages to Plaintiff including unwarranted loss of freedom, loss of employment, humiliation and severe emotional distress.

### Count IV: False Arrest, 42 USC §1983—Officer Klipsch

39. Plaintiff realleges ¶21 and incorporates it herein.

40. Defendant Klipsch, at all times relevant hereto, was employed as a police officer by the City of St. Charles, and was on duty and acting within the course and scope of his employment as a police officer.

41. Defendant seized and arrested Plaintiff, under color of state law, on November 7, 2018 without probable cause, based on false information, in violation of his Fourth and Fourteenth Amendment rights.

42. Said detention caused damages to Plaintiff including unwarranted loss of freedom, humiliation, and severe emotional distress.

### Count V: Unlawful Detention, 42 USC §1983—Officer Klipsch

43. Plaintiff realleges ¶¶ 39-42 and incorporates them herein.

44. Defendant Klipsch, at all times relevant hereto, was employed as a police officer by the City of St. Charles, and was on duty and acting within the course and scope of his employment as a police officer.

45. Defendant detained (after seizing and arresting) Plaintiff, under color of state law, on November 7, 2018 without probable cause, based on false information, in violation of his Fourth and Fourteenth Amendment rights.

46. Said detention caused damages to Plaintiff including unwarranted loss of freedom, humiliation, and severe emotional distress.

### Count VI: Malicious Prosecution (state law)— Officer Norman

47. Plaintiff realleges ¶¶1-20 and incorporates them herein.

48. Defendant Norman, at all times relevant hereto, was employed as a police officer by the City of St. Charles, and was on duty and acting within the course and scope of his employment as a police officers.

49. Defendant Norman, under color of law, pursuant to an incomplete and dishonest investigation, relying on demonstrably false information from Watson, and tampering with evidence, maliciously and in bad faith caused Plaintiff to be prosecuted for Stalking and Harassment, commencing prosecution of the proceedings against Plaintiff.

50. Defendant's willful reliance on Watson's falsehoods and willfully incomplete and dishonest investigation, evidence tampering (with Plaintiff's phone) were the legal causation of said proceedings.

51. The proceedings terminated in Plaintiff's favor, having been dismissed.

52.     There was no probable cause for such proceedings as they were based on falsehoods.

53.     Defendant acted with malice in causing the prosecution of Plaintiff.

54.     Plaintiff suffered damages by reason thereof, including unwarranted loss of freedom, humiliation, loss of employment, and severe emotional distress.

<u>Count VII: False Arrest/Imprisonment (state law)—Officers Moffitt, Stanczak, Bratton, and Norman</u>

55.     Plaintiff realleges ¶¶1-20 and incorporates them herein.

56.     The Defendant officers, at all times relevant hereto, were employed as police officers by the City of St. Charles, and were on duty and acting within the course and scope of their employment as police officers.

57.     Defendants (acting pursuant to Watson's false reports on Plaintiff, and failing to adequately investigate the same, and adding their own falsehoods) maliciously and in bad faith caused the Defendant Officers to restrain the Plaintiff against his will unlawfully.

58.     Plaintiff was released on bond on January 25, 2018.

59.     Plaintiff suffered damages by reason thereof, including unwarranted loss of freedom, humiliation, loss of employment, and severe emotional distress.

<u>Count VIII: False Arrest/Imprisonment (state law)—Officer Klipsch</u>

60.     Plaintiff realleges ¶21 and incorporates them herein.

61.     Defendant Klipsch, at all times relevant hereto, was employed as a police officer by the City of St. Charles, and was on duty and acting within the course and scope of his employment as a police officer.

62. Defendant detained (after seizing and arresting) Plaintiff, maliciously and in bad faith, under color of state law, on November 7, 2018 without probable cause, based on false information.

63. Plaintiff suffered damages by reason thereof, including unwarranted loss of freedom, humiliation, and severe emotional distress.

### Count X: Abuse of Process—Amanda Watson, Officer Norman

64. Plaintiff realleges ¶¶1-21 and incorporates them herein.

65. Defendant Norman, at all times relevant hereto, was employed as a police officer by the City of St. Charles, and was on duty and acting within the course and scope of his employment as a police officer.

66. Defendants made an illegal, improper, perverted, malicious use of process against Plaintiff in bad faith, a use neither warranted nor authorized by the process.

67. Defendants had an improper purpose in exercising such illegal, perverted or improper use of process, namely retaliation against Plaintiff for exercising his rights.

68. Plaintiff suffered damages by reason thereof, including unwarranted loss of freedom, humiliation, loss of employment, and severe emotional distress.

### Count XI: Unconstitutional Policy or Custom, 42 U.S.C. §1983—City of St. Charles

69. Plaintiff realleges all paragraphs above and incorporates them herein.

70. By its policymaker ratifying the unconstitutional conduct of its officers toward Plaintiff as described herein, Defendant maintains an unconstitutional custom or policy.

71. Plaintiff suffered damages by reason of said unconstitutional policy and subsequent constitutional violations, including unwarranted loss of freedom, humiliation, loss of employment, and severe emotional distress.

Wherefore, premises considered, Plaintiff urges this Court to enter a judgment against Defendants on all Counts herein, awarding compensatory and exemplary damages, as well as attorney's fees and costs, and all other relief this Court deems just.

## VERIFICATION

The undersigned, stating under oath as if testifying in open court, deposes and states, under penalties and as provided by law pursuant to the laws of the United States of America, that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid belief in the same verily to be true; that he is the Plaintiff in the above-captioned matter; that he has read the foregoing documents, and the content herein is true, correct, and complete to the best of his knowledge and belief.

 /s/Jimmy E. Smith, Jr. 

By:  s/Jason R. Craddock 
Jason R. Craddock
Attorney at Law
*Pro hac vice*
2021 Midwest Rd., Ste. 200
Oak Brook, IL 60646
Phone: 708-964-4973
Email: cradlaw1970@gmail.com