UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY E. SMITH, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-93-RWS |
| ) | |
| CITY OF ST. CHARLES, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on the motion to dismiss filed by Defendants Jeffrey Norman, Jeremy Bratton, Andrew Moffitt, John Stanczak, and Gregory Klipsch, officers of the St. Charles Police Department (collectively, the "Officers"), pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. [25]. Plaintiff Jimmy Smith, Jr. brings claims under 42 U.S.C. § 1983, as well as supplemental state law claims, against the City of St. Charles, Missouri (the "City"), the Officers, and Amanda Watson for their actions in his arrest, detainment, and prosecution in 2018 for stalking and harassing Watson. The Officers have moved to dismiss Smith's state law claims—Counts VI, VII, VIII, and X. Smith has not filed a response. For the reasons set forth below, the Officers' motion will be denied.

## BACKGROUND

Smith met Watson in October 2017 at Master Cuts, where Watson worked as a hairdresser. Compl. ¶ 10. Smith was one of Watson's customers. Id. at ¶ 11. At some point, Smith and Watson entered into what Smith believed was a romantic relationship. Id. at ¶ 11. During their relationship, Watson told Smith information about herself, including that she had lost $10,000 and did not know how she was going to pay her rent. Id. at ¶ 12. Thereafter, Smith tipped Watson $100 for a haircut and gave her approximately $6,300, which she promised to repay. Id. at ¶¶ 12–13. Watson has not repaid the money. Id. at ¶ 13.

Smith learned later that Watson had induced him into giving her money through false statements. Id. at ¶ 13. When Smith confronted Watson about her false statements and advised her that he was going to file a lawsuit against her to recover the money she had fraudulently obtained from him, Watson filed a false police report against him. Id. at ¶ 14. Watson was coached through the process of filing the police report by Officer Norman. Id.

Then, on January 19, 2018, Officers Moffitt, Stanczak, and Bratton pulled Smith's vehicle over and arrested him for stalking and harassing Watson. Id. at ¶ 15. The officers subjected Smith to verbal abuse during the stop and, at some point, admitted that they were looking for a reason to pull Smith over. Id. The stop was

made without probable cause and was based on deliberate misinformation and false reports. Id.

After his arrest, Smith was detained in the St. Charles jail for six days until he was released on bond. Id. at ¶ 16. While detained, Smith was interrogated by Officer Norman, who seized Smith's phone and caused the deletion of several exculpatory messages. Id. at ¶ 17. Officer Norman also omitted key information in a police report, wrote a probable cause statement against Smith, and submitted a warrant application to the St. Charles County Prosecutor's Office. Id. at ¶ 18. As a result of these actions, Smith was initially prosecuted for stalking and harassing Watson. Id.

Although the charges against Smith were dismissed in May 2018, Officer Klipsch arrested and detained Smith again in November 2018 due to additional false accusations made by Watson. Id. at ¶¶ 20–21. Smith was detained for several hours but was ultimately released. Id. at ¶ 21. Smith then filed complaints against Officer Norman with the St. Charles Police Department. Id. at ¶ 22. Department officials persuaded Smith to withdraw his first complaint, and Smith's other complaints were deemed to be unfounded by the Chief of the St. Charles Police Department. Id. at ¶¶ 22–23.

On January 25, 2021, Smith filed this lawsuit against the City, the Officers, and Watson. Smith's complaint includes claims under § 1983 for violations of his

constitutional rights as well as state law claims under Missouri law.  The Officers have moved to dismiss Smith's state law claims pursuant to Rule 12 (b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  In ruling on such a motion, I must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Hager v. Arkansas Dept. of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). I am not, however, bound to accept as true a legal conclusion couched as a factual allegation.  Bell Atlantic Corp. v. Twombly, 555 U.S. 544, 555 (2007).

To survive a motion to dismiss, a plaintiff need not provide "detailed factual allegations" but must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is plausible on its face when the plaintiff pleads sufficient facts to give rise to "the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A threadbare recital of the elements of a cause of action, supported merely by conclusory allegations, is not sufficient.  Id.

## DISCUSSION

The Officers argue that Smith's state law claims should be dismissed as against them. The Officers' arguments fall into two categories: (1) official immunity

4

under Missouri law; and (2) the statute of limitations. I will address each of these arguments as they apply to Smith's state law claims against the Officers.

### *Official Immunity*

Under Missouri's official immunity doctrine, "[p]ublic officers acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity." State ex rel. Hill v. Baldridge, 186 S.W.3d 258, 259 (Mo. banc 2006). The Officers argue that Smith's state law claims should be dismissed because their alleged conduct cannot be construed as ministerial.

However, neither ministerial acts nor discretionary acts are protected by official immunity "if the conduct is willfully wrong or done with malice or corruption." Southers v. City of Farmington, 263 S.W.3d 603, 610 (Mo. banc 2008); see also Green v. Missouri, 734 F. Supp. 2d 814, 844 (E.D. Mo. 2010) ("Official immunity does not apply to discretionary acts done in bad faith or with malice."). In each of his state law counts, Smith alleges that the Officers acted maliciously and in bad faith. Compl. ¶¶ 49, 53, 57, 62, 66. Accepting Smith's factual allegations as true, I find that, at this stage, the Officers are not entitled to dismissal of Smith's state law claims on the grounds that they are protected by official immunity.

5

### *Statute of Limitations*

Missouri law provides that civil actions "can only be commenced within the periods prescribed" by statute. Mo. Rev. Stat. § 516.100. The statute of limitations "begins to run when the right to sue arises." Corley v. Jacobs, 820 S.W.2d 668, 672 (Mo. Ct. App. 1991). And each count of a plaintiff's complaint must be governed by the most applicable statute of limitations. See Jordan v. Greene, 903 S.W.2d 252, 256 (Mo. Ct. App. 1995). Here, the Officers argue that Counts VI, VII, and VIII are time-barred by § 516.140 and that Count X is time-barred by § 516.130.

As an initial matter, all of Smith's state law claims are governed by the three-year limitations period provided for in § 516.130. Under § 516.130(1), actions against "a sheriff, coroner or other officer, upon liability incurred by the doing of any act in his official capacity" must be brought within three years. Police officers are "other officers" within the meaning of § 516.130(1), and a police officer acts in his official capacity when he is "acting within the scope of what he … is employed to do rather than being engaged in a personal frolic." Dilley v. Valentine, 401 S.W.3d 544, 551–53 (Mo. Ct. App. 2013). Smith alleges that the Officers were employed by the City as police officers and were on duty and acting within the course and scope of their employment at all times relevant. Compl. ¶¶ 48, 56, 61, 65. Accordingly, all of Smith's state law claims against the Officers are governed

by § 516.130(1).  See Dilley, 401 S.W.3d at 553; Franklin v. Saint Louis Cnty., 4:20 CV 1134 RWS, 2021 WL 1088330, at *9 (E.D. Mo. Mar. 22, 2021).[1]

In Count VI, Smith brings a malicious prosecution claim against Officer Norman.  A right to sue for malicious prosecution arises "when the underlying process forming the basis of the claim terminates in the malicious prosecution plaintiff's favor."  Corley, 820 S.W.2d at 672.  Smith alleges that Officer Norman caused his initial arrest and prosecution in early 2018.  Compl. ¶¶ 14–18.  As alleged in Smith's complaint, his prosecution terminated in his favor in May 2018 when the charges against him were dismissed.  Id. at ¶ 20.  Smith filed this lawsuit on January 25, 2021—less than three years after the charges against him were dismissed.  Therefore, the Officer's motion will be denied as to Count VI.

In Count VII, Smith brings a claim for false imprisonment (false arrest)[2] against Officers Moffitt, Stanczak, Bratton, and Norman.  A right to sue for false imprisonment arises when "the plaintiff is released from imprisonment."  Green, 734 F. Supp. 2d at 845 (citing Stafford v. Muster, 582 S.W.2d 670, 680 (Mo. 1979)).

---

[1] The Officers suggest that Counts VI, VII, and VII are governed by § 516.140 because malicious prosecution and false imprisonment are specifically delineated causes of action in the statute. However, because Smith alleges that the Officers were acting in their official capacities at all times relevant, § 516.130(1) is the most applicable statute of limitations. Cf. Laramore v. Jacobsen, 613 S.W.3d 466, 470–71 (Mo. Ct. App. 2020) (concluding § 516.130(1), rather than § 516.120(4), applied to plaintiff's replevin action because § 516.130(1) was the more specific statute).

[2] Under Missouri law, "false arrest" is simply another name for "false imprisonment." See Highfill v. Hale, 186 S.W.3d 277, 280 (Mo. banc 2006) (quoting Warren v. Parrish, 436 S.W.2d 670, 672 (Mo. 1969)) ("False imprisonment, also called false arrest, is 'the confinement, without legal justification, by the wrongdoer of the person wronged.'").

7

Smith alleges that the officers caused his unlawful arrest on January 19, 2018, and that he was detained for six days until he was released on January 25, 2018. Compl. ¶¶ 14–15, 16, 58. Smith filed this lawsuit on January 25, 2021, which is three years from when he was released from imprisonment. As a result, the Officers' motion will also be denied as to Count VII.

In Count VIII, Smith brings a claim for false imprisonment against Officer Klipsch. As noted above, a right to sue for false imprisonment arises when the plaintiff is released from imprisonment. Green, 734 F. Supp. 2d at 845. Smith alleges that Officer Klipsch caused him to be unlawfully arrested and detained on November 7, 2018. Compl. ¶¶ 21, 60–62. Smith filed this lawsuit on January 25, 2021—less than three years from November 7, 2018. Accordingly, the Officers' motion will be denied as to Count VIII as well.

In Count X, Smith brings a claim for abuse of process against Officer Norman. A right to sue for abuse of process arises at "the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued." Corley, 820 S.W.2d at 672. Smith alleges that Officer Norman engaged in several acts that led to his arrest, detainment, and prosecution in early 2018. Compl. ¶¶ 14–18. Other than those acts that are alleged to have preceded Smith's arrest on January 19, 2018, it is unclear from Smith's complaint when Officer Norman committed any given act. Most notably, it is unclear when Officer

8

Norman wrote the probable cause statement against Smith that caused him to be prosecuted. While discovery may reveal that Officer Norman's alleged acts preceded January 25, 2018—three years before Smith filed this lawsuit—I find that Officer Norman is not entitled to dismissal of Count X at this time on the grounds that it is untimely. Therefore, the Officers' motion will be denied as to Count X.

## CONCLUSION

For the foregoing reasons, the Officers' motion will be denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss [25] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November 2021.

9