UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY E. SMITH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21 CV 93 RWS |
| | ) |
| CITY OF ST. CHARLES, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On October 13, 2022, a hearing was held in this case on several pending motions. The first motion was Plaintiff Jimmy E. Smith, Jr.'s motion for sanctions or alternatively to compel a counteroffer. (Doc. 75). In his motion, Smith argued that Defendants Jeffrey Norman, Jeremy Bratton, Andrew Moffitt, John Stanczak, and Gregory Klipsch ("Defendants") did not participate in alternative dispute resolution ("ADR") in good faith because they refused to make a counteroffer. As discussed at the hearing, parties do not have a duty to make an offer of settlement, and the record does not support a finding that Defendants failed to participate in ADR in good faith. For these reasons, Smith's motion for sanctions or alternatively to compel a counteroffer will be denied.

The second motion was Smith's motion for entry of default against Defendant Amanda Watson. (Doc. 77). In his motion, Smith requested that the Clerk of Court

enter default against Watson pursuant to Fed. R. Civ. P. 55(a) for a sum certain of $25,000. As discussed at the hearing, Smith's complaint will be dismissed without prejudice for the reasons stated on the record. Smith's motion for entry of default against Watson will therefore be denied.

The third motion was the motion of Jason R. Craddock, Sr. to withdraw as counsel for Smith. (Doc. 78). In his motion, Mr. Craddock stated that irreconcilable differences had arisen between him and Smith, which have caused a breakdown in their attorney-client relationship. For the reasons stated on the record at the hearing, Mr. Craddock's motion to withdraw will be granted.

The fourth motion was Defendants' motion to compel and for sanctions. (Doc. 82). In their motion, Defendants requested an order (1) compelling Smith to respond to their written discovery requests without objection; (2) compelling Smith to appear for a deposition at his expense; (3) awarding them $2,900 in attorneys' fees; and (4) in the event Smith failed to comply with the above, dismissing his complaint with prejudice for failure to prosecute. As discussed at the hearing, Smith has repeatedly failed to participate in discovery in this case, despite the Court's orders to do so. Smith also failed to attend the hearing, despite the Court's order to appear in person. As a result, Defendants' motion to compel and for sanctions will be granted in part as follows: (1) Smith will be ordered to pay Defendants the sum of their taxable costs to date—that is, the costs to date that would have been

recoverable pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local Rule 8.03 had Defendants prevailed in this case; and (2) Smith's complaint will be dismissed without prejudice.

Because Smith's complaint will be dismissed without prejudice, all other pending motions in this case—Smith's motion for an extension of time to complete discovery, (Doc. 80); and Smith's motion to stay proceedings and seal his social security disability decision, (Doc. 93)—will be denied as moot. However, at the hearing, the parties agreed that Smith's social security disability decision should be removed from the docket. The decision is currently located on the docket in two places: (Doc. 81-1) and (Doc. 82-9). Defendants will be ordered to file a motion to withdraw these documents, which will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jimmy E. Smith, Jr.'s motion for sanctions or alternatively to compel a counteroffer [75] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Jimmy E. Smith, Jr.'s motion for entry of default against Defendant Amanda Watson [77] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion of Jason R. Craddock, Sr. to withdraw as counsel for Plaintiff Jimmy E. Smith, Jr. [78] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to compel and for sanctions [82] is **GRANTED** in part. Defendants shall file an accounting of their

taxable costs to date—that is, the costs to date that would have been recoverable pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local Rule 8.03 had they prevailed in this case—no later than **October 24, 2022**. Upon Defendants' filing, Plaintiff Jimmy E. Smith, Jr. will be ordered to pay Defendants the sum of such costs, and his complaint will be dismissed without prejudice. An appropriate Judgment in accordance with this Memorandum and Order will entered at that time.

**IT IS FURTHER ORDERED** that all other pending motions in this case [80] and [93] are **DENIED** as moot.

**IT IS FINALLY ORDERED** that Defendants shall file a motion to withdraw documents [81-1] and [82-9] no later than **October 24, 2022**.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 14th day of October 2022.