UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY E. SMITH, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21 CV 93 RWS |
| ) | |
| CITY OF ST. CHARLES, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This case is before me on the motion of Defendants Jeffrey Norman, Jeremy Bratton, Andrew Moffitt, John Stanczak, and Gregory Klipsch ("Defendants") for costs and reconsideration of an award of attorneys' fees pursuant to Rule 37 of the Federal Rules of Civil Procedure. On October 14, 2022, I granted Defendants' motion to compel and for sanctions in part. I ordered Defendants to file an accounting of their taxable costs to date—that is, the costs to date that would have been recoverable under 28 U.S.C. § 1920 had they prevailed in this case—and stated that Plaintiff Jimmy E. Smith, Jr. would be ordered to pay Defendants the sum of such costs. I also stated that Smith's complaint would be dismissed without prejudice upon Defendants' filing.

A few days later, on October 17, 2022, Defendants filed the present motion for costs and reconsideration of an award of attorneys' fees. In their motion,

Defendants state that they did not incur any costs in this case that would have been recoverable under § 1920. However, Defendants request that I reconsider my denial of their earlier request for attorneys' fees. Defendants state that they incurred $2,900 in attorneys' fees in connection with their motion to compel and for sanctions, and they argue that an award of such fees is required under Rule 37(a)(5)(A).

> Rule 37(a)(5)(A) provides:
>
> If [a motion to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Under the present circumstances, I find that it would be unjust to require Smith to pay the attorneys' fees incurred by Defendants in connection with their motion to compel and for sanctions, particularly in light of the fact that Smith's complaint will be dismissed.

 Moreover, I note that Rule 37(a)(5)(C) is more applicable to the present circumstances because I granted Defendants' motion to compel and for

2

sanctions only in part. Rule 37(a)(5)(C) states: "If [a motion to compel] is granted in part and denied in part, the court … may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Unlike the language in Rule 37(a)(5)(A), the language in Rule 37(a)(5)(C) is permissive. Under Rule 37(a)(5)(C), I decline to require Smith to pay any attorneys' fees incurred by Defendants in connection with their motion to compel and for sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for costs and reconsideration of an award of attorneys' fees [96] is **DENIED**.

A separate Order of Dismissal in accordance with this Memorandum and Order and the Memorandum and Order entered on October 14, 2022, will be entered on this same date.

                                               /s/ Rodney W. Sippel
                                               RODNEY W. SIPPEL
                                               UNITED STATES DISTRICT JUDGE

Dated this 21st day of October 2022.